```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**RODNEY BOYD,**

                **Plaintiff,**

      v.                                            **CASE NO. 05-3333-SAC**

**ROGER WERHOLZ, et al.,**

                **Defendants.**

## O R D E R

Before the court is motion for a temporary restraining order or preliminary injunction, filed pro se by a prisoner incarcerated in El Dorado Correctional Facility (EDCF) in El Dorado, Kansas. Plaintiff did not submit a filing fee for this action.

The court first notes that plaintiff previously filed a habeas action under 28 U.S.C. 2254 to challenge his Kansas conviction on grounds including the alleged ineffectiveness of trial counsel and the denial of due process in the exclusion of proffered evidence of the victim's sexual history. *See* <u>Boyd v. Roberts</u>, Case No. 03-3476-WEB (petition denied October 6, 2004). Petitioner's appeal to the Tenth Circuit Court of Appeals is pending, and the Circuit Court granted a certificate of appealability in that appeal. *See* 28 U.S.C. 2253 (stating standard for granting certificate of appealability).

Plaintiff filed the instant action upon discovering he is scheduled to participate in a Sex Offender Treatment Program (SOTP), and that refusal to participate in this program will

result in the loss of his more favorable custody level and various privileges. He filed the instant action to seek a court order to prevent EDCF officials from requiring him to enter SOTP until his pending habeas appeal is resolved.

To proceed in this civil action, plaintiff must pay the $250.00 district court filing fee, 28 U.S.C. 1914, or submit a motion for leave to proceed in forma pauperis, 28 U.S.C. 1915, which if granted will allow plaintiff to pay the district court filing fee over time.

Plaintiff is advised that a preliminary injunction or temporary restraining order is an extraordinary remedy, and the right to such relief must be clear an unequivocal.[1] To obtain such relief, the moving party must demonstrate that (1) a substantial likelihood exists that he will succeed on the merits; (2) he will suffer irreparable injury unless the retraining order issues; (3) the threatened harm to plaintiff outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the temporary restraining order, if issued, would not be adverse to the public interest.[2] See Country Kids 'N City Slick,

---

[1] See Chemical Weapons Working Group Inc. v. United States Department of the Army, 111 F.3d 1485, 1489 (10th Cir. 1997)(preliminary injunction is an extraordinary remedy, thus "the right to relief must be clear and unequivocal"); West v. Derby USD No. 260, 23 F.Supp.2d 1220, 1221-22 (D.Kan. 1998)(temporary restraining order "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by clear showing, carries the burden of persuasion").

[2] See McKune v. Lile, 536 U.S. 24 (2002)(operation of sex offender treatment program at Kansas correctional facility does not violate Fifth Amendment right against self incrimination; adverse consequences faced by state prisoner for refusing to make

Inc. v. Sheen, 77 F.3d 1280, 1283 (10th Cir. 1996); Lundgrin v. Claytor, 619 F.2d 61, 62 (10th Cir. 1980). Additionally, full exhaustion of administrative

remedies is required. *See* 42 U.S.C. 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.") *See also* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"), *cert. denied* 125 S.Ct. 344 (2004).

Alternatively, plaintiff can proceed instead by filing a motion in his federal habeas action to seek a stay or injunction pending his appeal in his habeas action. *See* Fed.R.App.P. 8(a)(1)(A) (motion for stay of judgment or order of district court pending appeal must ordinarily first be filed in the district court). No filing fee obligation attaches to such a motion. *See* United States v. Simmonds, 111 F.3d 737 (10th Cir. 1997)(fee obligations in 28 U.S.C. 1915 as amended by Prison Litigation Reform Act on April 26, 1996, do not encompass state habeas actions filed under 28 U.S.C. 2254, or appeals therefrom).

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20)

---

admissions required for participation in sexual abuse treatment program were not so severe as to amount to compelled self-incrimination).

days to submit the $250.00 district court filing fee or an executed form motion for seeking leave to proceed in forma pauperis under 28 U.S.C. 1915. Alternatively, plaintiff may voluntarily withdraw his motion and instead file a motion for stay or preliminary injunction, Fed.R.App.P. 8, in his habeas action, Case No. 03-3476-WEB.

The clerk's office is to provide plaintiff with a form motion under 28 U.S.C. 1915.

**IT IS SO ORDERED.**

DATED: This 16th day of August 2005 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge